# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| XAVIER HOLLIDAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>OFFICER DOUG WILLIAMS, OFFICER )<br>KIRK PATTISON, OFFICER RONNIE )<br>WADDLE, OFFICE BADGE #1195, )<br>OFFICER GILLIAM, OFFICER LANDI, )<br>OFFICER COLLINS, and THE CITY )<br>OF ROCK ISLAND, )<br>)<br>Defendants. ) | Case No. 04-4042 |

## O R D E R

This matter is now before the Court on Defendants' Motion for Summary Judgment. For the reasons set forth below, the Motion for Summary Judgment [#19] is GRANTED.

### JURISDICTION

The Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331, as the claim arises under 42 U.S.C. §§ 1981 and 1983.

### LOCAL RULE 7.1 AND FEDERAL RULE OF CIVIL PROCEDURE 56

Initially, the Court notes that Holliday failed to file any response to the pending motion for summary judgment; the time period for doing so has lapsed, and no extension has been sought. By virtue of this failure, the Motion is now deemed uncontested pursuant to Local Rule 7.1(B), and the Court may proceed to rule without further notice.

The Seventh Circuit has "repeatedly . . . sustained the entry of summary judgment where the non-movant has failed to [respond] in the form called for by the pertinent rule and thereby concedes the movant's version of the facts." Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994). Despite the fact that he received written notice informing him of the requirements of Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1(B), Holiday has made no attempt to respond to the pending motion. Accordingly, the Court will treat Defendants' Statement of Undisputed Facts as admitted and the Motion for Summary Judgment as unopposed.

## BACKGROUND

Plaintiff, Xavier Holliday ("Holliday"), has had many encounters with the Rock Island Police Department. On September 5, 2001, Holliday received a traffic citation from Officer Doug Williams ("Williams") for operating a vehicle with no valid license. The case was dismissed after the Court found that Holliday had become compliant by obtaining his license. On February 15, 2002, he was issued a traffic citation for speeding. He posted his driver's license as bond and pled guilty to the offense.

On July 26, 2003, Holliday was arrested by Officer Ronnie Waddle ("Waddle") and Sergeant Vernard Gillman ("Gillman") for driving on a suspended license. This case was subsequently dismissed. On February 1, 2004, Officer Benjamin Smith ("Smith") arrested Holliday for the same offense. This case was also dismissed. On March 8, 2003, Holliday was given a notice to appear on a traffic citation for the offense of operating an uninsured motor vehicle by Officer Kirk Pattison ("Pattison"). He pled guilty to the charges and was ordered to pay a fine and court costs totaling $200.00. On July 6, 2003, Holliday was given a notice to appear for operating a vehicle with an expired registration but was not taken into custody. This case was also dismissed.

On June 23, 2004, Holliday brought this action. He subsequently filed an Amended Complaint alleging malicious prosecution and false arrest against all Defendants. The malicious prosecution claim against Officers Collins and Landi and municipal liability claim against the City of Rock Island were dismissed from the case. Accordingly, all that remains in the case at the present time are false arrest claims against Defendants Williams, Pattison, Waddle, Gilliam, and Badge No. 1195. Defendants have moved for summary judgment. Holliday has failed to respond to the Motion, which results in the Motion being deemed undisputed, and this Order follows.

## STANDARD OF REVIEW

Since Holliday is representing himself pro se, the Court will construe the complaint liberally and will not hold it "to the stringent standards expected of pleadings drafted by lawyers." McCormick v. City of Chicago, 230 F. 3d 319, 325 (7th Cir. 2000). "Therefore, a pro se civil rights complaint may only be dismissed if it is beyond a doubt that there is no set of facts under which the plaintiff could obtain relief." Id.

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

## DISCUSSION

A common law claim for false arrest in Illinois can be based upon the following facts: (1) actual intent to restrain the plaintiff; (2) unlawful or illegal restraint of the plaintiff; (3) restraint against the will of the plaintiff; (4) actual physical restraint of the plaintiff. Colton v. Swain, 527 F. 2d 296, 304 (7th Cir. 1975). The statute of limitations period for a claim of false arrest runs two years from the time when the plaintiff can plead all elements of the claim. Sneed, 146 F. 3d at 480. "For false arrest, the plaintiff can plead all the elements on the day of the arrest regardless of later proceedings." Id.

As the Complaint in this action was not filed until June 23, 2004, it is evident that Holliday's September 5, 2001, and February 15, 2002, arrests occurred more than two

years before he brought this suit. Accordingly, these claims are outside of the applicable statute of limitations and are therefore barred.

By virtue of his failure to respond to the pending Motion, Holliday has admitted the following facts: (1) on July 6, 2003, Officer Scott Gable (who is not named in the Amended Complaint) had probable cause to stop the automobile that Holliday was driving because he noticed that the rear registration sticker had expired in violation of 625 ILCS 5/3-413(f); (2) On March 8, 2003, Officer Pattison had probable cause to stop the automobile that Holliday was driving because a rear tail light on the vehicle was not operational in violation of 625 ILCS 5/12-201(b) and Holliday then failed to provide proof of valid insurance upon request; (3) Officer Waddle was not involved in Holliday's arrests on either February 1, 2004, or July 6, 2003; (4) Officer Benjamin Smith (who is not named in the Amended Complaint) had probable cause to arrest Holliday on February 1, 2004, ; (5) Officers Waddle and Gillman both had probable cause to arrest Holliday for the offense of driving while suspended in violation of 625 ILCS 5/6-303(a) on July 26, 2003, because both officers observed Holliday, who they knew by sight, driving a vehicle on a publicly maintained roadway when they knew that his driving privileges had been suspended.

As a plaintiff has the burden of proving that his arrest was procured without the defendant having reasonable grounds to believe that an offense is being committed, probable cause to arrest is a complete defense to a claim of false arrest. Abrams v. Walker, 307 F.3d 650, 657 (7th Cir. 2002); Hajawii v. Venture Stores, Inc., 125 Ill.App.3d 22, 465 N.E.2d 573 (1st Dist. 1986). A police officer has probable cause to arrest when "the facts and circumstances within [his] knowledge and of which [he has] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the

[suspect] had committed or was committing an offense." Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996).  As Holliday has admitted that the officers had probable cause to either arrest him or stop his automobile on each occasion for which he has asserted a timely claim, he cannot establish the elements of any false arrest claim as a matter of law, and Defendants are entitled to summary judgment in their favor.  *See* Booker, 94 F.3d at 1057 (holding that to succeed on a false arrest claim, a plaintiff must prove that he was arrested without probable cause.)

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment [#19] is GRANTED.  This matter is now TERMINATED.

ENTERED this 8th day of June, 2006.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge